UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**Michael E. Harris,**

        Plaintiff,

   v.

**Speedway LLC,**

        Defendant.

**DECISION and ORDER**

24-cv-6109-FPG-MJP

---

APPEARANCES

| | |
|---|---|
| For Plaintiff: | **Nicholas J. Shemik, Esq.**<br>The Dietrich Law Firm<br>101 John James Audubon Pkwy<br>Buffalo, NY 14228 |
| For Defendant: | **Norman B. Viti, Esq.**<br>**Elisha D. Teibel, Esq.**<br>Gibson, McAskill & Crosby, LLP<br>69 Delaware Ave, Ste 900<br>Buffalo, NY 14202 |

## INTRODUCTION

**Pedersen, M.J.** This case involves Plaintiff Michael Harris' slip-and-fall on ice or snow at a Speedway gas station. Speedway believes that the contractor it hired to remove snow and ice is the party responsible for Harris' injuries. That contractor is Shields Facilities Maintenance, LLC.

Speedway indicates that Shields refuses to acknowledge its responsibility for Harris' injuries. Speedway asked Shields to assume the

1

defense of this case. Speedway thus moves to add Shields to this action as a third-party defendant.

This motion would be straightforward, except that the deadline for commencing third-party actions has long passed. Thus, Speedway must show good cause under Fed. R. Civ. P. 16(b)(4) if the Court is to permit Speedway to bring a third-party complaint. Good cause, as this Court has often pointed out, requires diligence by the moving party.

Diligence is often defined by what it is not. For example, this Court has denied motions for a lack of diligence where the party moving could have moved before the applicable deadline.

This case is no different. While judicial economy would dictate otherwise, the Court must conclude that Speedway could have moved before the applicable deadline. Speedway could have brought this motion before the applicable deadline for several reasons. To begin, Speedway's snow removal contract[1] should have been known to Speedway before the relevant deadline. Speedway is a sophisticated litigant; this contract should hardly come as a surprise.

Even if the Court had some basis to conclude that Speedway did not know (and could not know) about its own snow removal contract, the Court still could not side with Speedway. *First*, when the Court set

---

[1] The Court refers to this contract as the "snow removal contract" for ease of reading.

deadlines in this case, and at the time of the deadline to add parties, Speedway's counsel should have known about the snow removal contract between Speedway and Shields. Diligence would demand that Speedway's earlier counsel investigate and determine if Speedway needed to bring a third party into this case. *Second*, while sometimes harsh, attorney oversight is never enough for diligence and thus good cause. *Finally*, attorney oversight is attributed to sophisticated clients like Speedway—even if they later change counsel.

This is not the Court's desired outcome. The Court agrees with Speedway that this outcome is inefficient. Speedway's current counsel has been diligent and forthcoming about the lateness of Speedway's motion. But the Federal Rules of Civil Procedure bind this Court. This Court's view has consistently been that diligence is necessary for good cause, even if the Court may consider other factors. Indeed, the operative scheduling order should have alerted the parties to the diligence requirement. For these reasons, the Court must deny Speedway's motion with prejudice.

## BACKGROUND

Harris sues for injuries he suffered when he slipped and fell on "snow and/or ice near gas pumps at" a Speedway. (Viti Decl. ¶ 9, ECF No. 25-1, Feb. 18, 2025 (citing Compl. ¶ 13, ECF No. 1, Nov. 16, 2023).) Speedway acknowledges that when Harris slipped and fell, "Speedway had entered into a certain Basic Service Contract for Snow Plowing

Services with proposed third-party defendant[]" Shields. (*Id.* ¶ 10 & Ex. C, ECF Nos. 25-1 & 25-4.) Under the snow removal contract, Speedway first asserts that Shields "was responsible for snow removal and salt application at the Speedway location where [Harris] allegedly sustained injury." (*Id.*) Next, Speedway adds that the agreement required Shields to indemnify and defend Speedway against lawsuits resulting from Shields' breaches of the snow removal contract. (*Id.* ¶ 11.) Additionally, the agreement provided "that Shields would enforce its insurance carrier's obligations to Speedway as an additional insured as set forth in Paragraph 6" of the snow removal contract. (*Id.*)

Yet Speedway did not raise the snow removal contract until well over a year into this case and well after the June 17, 2024, deadline for motions to add third parties.[2] (Scheduling Order ¶ 3, ECF No. 11, Apr. 24, 2024.) Speedway explains that it had different counsel at the outset of this case, noting that current counsel moved for substitution on August 22, 2024, after the relevant deadline. (Viti Decl. ¶ 8, ECF No. 25-1.)

To Speedway's credit, its new attorneys quickly moved to investigate this case:

---

[2] Harris filed his complaint on November 16, 2023. (Viti Decl. ¶ 4, ECF No. 25-1.) Speedway removed the case to this Court on February 15, 2024. (*Id.* ¶ 7.) It is worth pointing out that by removing this case, Speedway should also have been aware of Fed. R. Civ. P. 16(b)(4)'s requirement of good cause and diligence.

4

> After reviewing the file, it was promptly determined that there was a good-faith factual and legal basis to tender the defense and indemnification of Speedway to Shields pursuant to Shields' duties and obligations under the Service Contract.

(*Id.* ¶ 12.) And so, on October 7, 2024, Speedway wrote "to Shields demanding that Shields assume the defense and indemnification of Speedway with respect to the underlying action pursuant to the terms of the" snow removal contract. (*Id.* ¶ 13.) Speedway pursued the process of tendering a defense to Shields until Speedway determined that its efforts to tender a defense to Shields would be futile. (*Id.* ¶¶ 14–15.)

## PROCEDURAL HISTORY

While Speedway's current counsel has worked quickly to get up to speed on this case, the Court notes that Speedway did not include a new deadline for motions to amend or to add third parties in proposing the most recent scheduling order. (Letter Mot. Ex. A ¶ 3, ECF No. 20, Oct. 14, 2024.) The Court did not learn about Speedway's need to bring in a third party until Speedway sent a second letter motion belatedly requesting "an extension of the deadline to file any motions to amend the pleadings or to add or join any parties[.]" (Letter Mot. at 1, ECF No. 23, Jan. 29, 2025.)

The Court granted that motion insofar as it ordered Speedway "to move as appropriate to add a third party." (Text Order, ECF No. 24, Jan. 29, 2025.) But the Court added that Speedway needed show good cause

5

pursuant to Fed. R. Civ. P. 16(b)(4).[3] (*See id.* ("Absent a showing that Defendant could not have brought its proposed third-party action within the applicable deadline set by court-issued scheduling order, this motion will fail." (quotation omitted)).) The Court granted Speedway's requested relief, staying deadlines pending the Court's ruling on Speedway's anticipated motion for leave to file a third-party complaint. (*Id.*)

Speedway moved for leave to file a third-party complaint several weeks later. (ECF No. 25, Feb. 18, 2025.) The motion failed to address Rule 16(b)(4)'s good cause requirement, which the Court had also noted in the operative scheduling order. (2d Am. Scheduling Order ¶ 9(b), ECF No. 22.)

So the Court directed Speedway to provide supplemental briefing. (Text Order, ECF No. 26, Feb. 18, 2025.) The Court stated that its earlier text order directed Speedway to address the good cause requirement of Rule 16(b)(4). (*Id.*) Further, the Court stated that its earlier text order "specifically declined to relieve [Speedway] of having to show good cause under Rule 16(b)(4) to modify the scheduling order to permit the late filing of a third-party complaint." (*Id.*) Speedway sent its supplemental briefing to the Court on March 4, 2025. (ECF No. 27.) Because Harris

---

[3] The Court referenced Rule 16(b)(4) in quoting a Second Circuit case within this text order. The Court likewise put all parties on notice of Rule 16(b)(4)'s requirements in Paragraph 9(b) of the operative scheduling order. (ECF No. 22, Oct. 30, 2024 ("The Court will deny any extension request that fails to show diligence.").)

6

does not intend to oppose Speedway's motion, the Court considers Speedway's motion for leave to file a third-party complaint fully briefed. (Viti Decl. ¶ 17, ECF No. 25-1.)

## MAGISTRATE JUDGE JURISDICTION

The Court concludes that if magistrate judges may hear and adjudicate denial of motions to amend by decision and order where that denial is based Fed. R. Civ. P. 16(b)(4), the same is true for impleader motions. *See Getman v. Vondracek*, 731 F. Supp. 3d 524, 528 (W.D.N.Y. 2024). As another Magistrate Judge of this District has stated: "Since I am deciding this motion based upon Rule 16, I am issuing a Decision and Order rather than a Report and Recommendation." *George v. Prestolite Elec. Inc.*, No. 12-CV-01041(A)(M), 2013 WL 12234639, at *3 (W.D.N.Y. July 22, 2013).

## APPLICABLE LAW

Fed. R. Civ. P. 16(b)(3)(A) requires this Court to issue a scheduling order with deadlines that "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Under Fed. R. Civ. P. 16(b)(4), such deadlines "may be modified only for good cause and with the judge's consent." The Second Circuit has explained that Rule 16(b) was "designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir.

7

2000) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).[4]

"A party's lack of diligence and absence of good cause for such a delay is grounds for a court to deny a motion to implead a third-party defendant as untimely." *iBasis Glob., Inc. v. Diamond Phone Card, Inc.*, 278 F.R.D. 70, 76 (E.D.N.Y. 2011) (internal quotation marks omitted) (quoting *Dos Santos v. Terrace Place Realty, Inc.*, 433 F. Supp. 2d 326, 336 (S.D.N.Y. 2006)). The party moving for an extension to bring in a third party bears the burden of demonstrating good cause. *See Villa v. Sw. Credit Sys., L.P.*, No. 19-CV-01701JLSJJM, 2020 WL 3808911, at *3 (W.D.N.Y. June 10, 2020), *report and recommendation adopted*, 2020 WL 3802936 (W.D.N.Y. July 7, 2020); *see also Ritchie Risk-Linked Strategies Trading (Ireland) Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012).

## DISCUSSION

The Court's diligence inquiry boils down to whether Speedway had access to the information needed to bring a motion for leave to file

---

[4] Accordingly, for motions to amend, the Second Circuit has held: "Where, as here, a scheduling order governs amendments to the complaint ... the lenient standard under Rule 15(a) ... must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (cleaned up). This precedent compels the Court to conclude that a Rule 14 motion is likewise subject to Rule 16(b)(4)'s good cause requirement.

a third-party complaint before the applicable deadline.[5] While the Court is sympathetic to the difficult position of Speedway's current counsel, the Court must conclude that Speedway could have moved for the relief sought before the applicable deadline. Speedway knew or should have known about the snow removal agreement from the outset of this case. Independently, Speedway's earlier counsel should have investigated to determine if a third-party complaint was needed in this case. Thus, Speedway cannot show diligence and good cause. And so, the Court denies Speedway's motion to file a third-party complaint.

***Speedway cannot demonstrate diligence, and thus good cause, because Speedway knew or should have known about the agreement before the applicable deadline.***

Here, Speedway cannot demonstrate good cause because the information needed to bring the now-pending impleader motion was within Speedway's knowledge before the applicable deadline. *See Red Rock Sourcing, LLC v. JGX, LLC,* No. 21 CIV. 1054 (JPC), 2025 WL 524024, at *4 (S.D.N.Y. Feb. 18, 2025) ("If the moving party 'seeks to add claims based on facts it knew or should have known at the time of the [relevant] deadline, it likely failed to act with sufficient diligence to

---

[5] Because Speedway fails to show diligence, the Court declines to discuss whether Speedway has met the requirements for impleader under Fed. R. Civ. P. 14. *See Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co.*, No. 02 CIV. 1230 (LMM), 2006 WL 2242596, at *3 (S.D.N.Y. Aug. 3, 2006) ("The standards of Rule 16(b) must be met first and can not 'be short-circuited by an appeal to those of Rule 15(a).'" (quoting *Parker*, 204 F.3d at 340)).

satisfy Rule 16(b).'" (alteration in original) (quoting *Blake Marine Grp., LLC v. Frenkel & Co.*, 425 F. Supp. 3d 330, 335 (S.D.N.Y. 2019))); *see also Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174–75 (S.D.N.Y. 2014) ("A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline." (citation omitted)). Indeed, the information needed to comply with the deadline to add parties to this case was known to Speedway when Harris sued.

Speedway admits that it knew of the snow removal contract when Harris sued:

> At the time of the alleged incident, Speedway had entered into a certain Basic Service Contract for Snow Plowing Services with proposed third-party defendant, Shields … whereby Shields was responsible for snow removal and salt application at the Speedway location where Plaintiff allegedly sustained injury.

(Viti Decl. ¶ 10 & Ex. C, ECF Nos. 25-1 & 25-4.) This contract required Shields to "indemnify, hold harmless, and defend Speedway" for Shields' breaches of the snow removal contract. (*Id.* ¶ 11 & Ex. C ¶ 5.) Speedway's "SVP & Chief Commercial Officer" signed on behalf of Speedway on December 27, 2020. (*Id.* Ex. C at 7, ECF No. 25-4.) Speedway does not contend that this signer lacked authority to sign on behalf of Speedway or that he was not an agent of Speedway. Nor does Speedway contend that this snow removal contract was somehow inaccessible to Speedway or

its counsel. On this record, the Court must conclude that Speedway knew or should have known about this contract and its implications for a slip-and-fall lawsuit at a Speedway location long before Harris sued. *See Red Rock Sourcing, LLC*, 2025 WL 524024, at *6 (finding good cause lacking in part because the movant "had knowledge of the facts and circumstances in the case for a period of several years and could have made [the impleader] motion within the specified time period" (quoting *Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.*, 607 F. Supp. 2d 600, 602 (S.D.N.Y. 2009))). Because Speedway had access to the facts needed to bring an impleader motion before the applicable deadline, Speedway may not bring in Shields now.

### *Alternatively, Speedway is bound by earlier counsel's failure to investigate potential claims against third parties.*

Even without Speedway's admission, the Court still finds that Speedway's motion lacks diligence. If Speedway "had ample time to pursue" the third-party complaint for which it now moves, "another relevant point is that" Speedway is "bound by [prior counsel's] acts and omissions." *Cardew v. New York State Dep't of Corr. & Cmty. Supervision*, 743 F. Supp. 3d 523, 527–28 (W.D.N.Y. 2024) (citing *Emamian v. Rockefeller Univ.*, 823 F. App'x 40, 43–44 (2d Cir. 2020)). While the Court "sympathizes with a party who was the victim of earlier counsel's negligence, Rule 16(b)(4) and Supreme Court precedent dictate that a party who voluntarily chooses his attorney cannot … avoid the consequences

of the acts or omissions of this freely selected agent." *Id*. (cleaned up) (quoting *Hussain v. Nicholson*, 435 F.3d 359, 363–64 (D.C. Cir. 2006)).

Here, it appears that Speedway's earlier counsel failed to investigate this case to determine if Speedway should implead a third party like Shields. But "[a]ttorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a Scheduling Order pursuant to Rule 16(b)." *Engles v. Jones*, 405 F. Supp. 3d 397, 407 (W.D.N.Y. 2019) (quoting *Lamothe v. Town of Oyster Bay*, No. 08-CV-2078 ADS AKT, 2011 WL 4974804, at *7 (E.D.N.Y. Oct. 19, 2011)). And as noted, clients—especially sophisticated ones like Speedway—are bound by their attorney's acts and omissions. Thus, the "record reflects an absence of diligence" because Speedway's counsel failed to "investigate further rather than persist in some state of continued ignorance." *Dukes v. City of Albany*, 492 F. Supp. 3d 4, 10, 11 (N.D.N.Y. 2020). Had Speedway's earlier counsel performed "the basic investigative effort that diligence demands[,]" and determined whether a third-party contractor might be liable for Harris' injuries, Speedway could have brought its motion for leave to implead a third party before the deadline for doing so. *Id*. Put simply, Speedway cannot meet the good cause requirement when its earlier counsel was not "diligent in discovering[]" and bringing to the Court's attention the snow removal contract. *Rococo Assocs., Inc. v.*

*Award Packaging Corp.*, No. 06 Civ. 975 (JS), 2007 WL 2026819, at *3 (E.D.N.Y. July 9, 2007) (citing *Parker*, 204 F.3d at 340).

### *The Court rejects Speedway's argument that lack of prejudice is enough to meet the good cause requirement of Rule 16(b)(4).*

While the Court sympathizes with Speedway's position, consistency requires that the Court not deviate from how it has ruled on similar motions in the past. Like others before, Speedway urges the Court to permit this late motion because it will not cause Harris prejudice. Speedway relies on the same case law as well, where the Second Circuit stated that diligence is not "the only consideration," rather, "[t]he District Court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice" the opposing party. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

But most, if not all, Courts in this District "have concluded that *Kassner* does not excuse the moving party from having to demonstrate diligence in order to show 'good cause.'" *Thomas v. ConAgra Foods, Inc.*, No. 620CV06239EAWMJP, 2022 WL 3699408, at *3 (W.D.N.Y. Aug. 26, 2022) (quoting *Shemendra v. First Niagara Bank N.A.*, 288 F.R.D. 251, 252 (W.D.N.Y. 2012)); *see also Getman*, 731 F. Supp. 3d at 529 ("These other factors do not excuse the moving party from demonstrating diligence." (citing *Engles*, 405 F. Supp. 3d at 407)). Courts in this District

13

have concluded as much because *Kassner* did not purport to overrule *Parker* and so "since one panel of the Second Circuit cannot overrule a prior decision of another panel … *Kassner* cannot be interpreted as dispensing with *Parker*'s requirement of diligence for a finding of 'good cause.'" *Smith v. Bradt*, 329 F.R.D. 500, 505 (W.D.N.Y. 2019) (internal citation omitted and cleaned up) (citing *Woodworth v. Erie Ins. Co.*, No. 05-CV-6344 CJS, 2009 WL 3671930, at *3 (W.D.N.Y. Oct. 29, 2009)). Were that insufficient, the Second Circuit has since reaffirmed *Parker*'s diligence requirement. *See Callahan v. Cnty. of Suffolk*, 96 F.4th 362, 370 (2d Cir. 2024) ("Whether good cause exists turns on the 'diligence of the moving party.'" (quoting *Holmes*, 568 F.3d at 335)).

In sum, the Court acknowledges that Harris does not oppose Speedway's motion. This suggests a lack of prejudice. But "the absence of prejudice alone does not constitute good cause under Rule 16." *Engles*, 405 F. Supp. 3d at 408 (quoting *Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013)); *Smith*, 329 F.R.D. at 505. "That defendants suffered no prejudice does not change the fact that plaintiffs failed to pursue amendment with diligence." *Gullo*, 540 F. App'x at 47.

Finally, although Speedway's argument about judicial economy is well-taken, this Court is bound by the Second Circuit (specifically by

*Parker* and *Callahan*[6]) and likewise by the Federal Rules of Civil Procedure. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988) (noting that "federal courts have no more discretion to disregard [a] Rule's mandate than they do to disregard constitutional or statutory provisions"); *Carlisle v. United States*, 517 U.S. 416, 426 (1996) (trial courts lack "the power to develop rules that circumvent or conflict with the Federal Rules"). Judicial economy is not the only policy consideration for this Court to weigh. After all, "[d]isregarding the instructions of a scheduling order 'would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation.'" *In re Perrigo Co. PLC Sec. Litig.*, No. 19CV70 (DLC), 2021 WL 517441, at *2 (S.D.N.Y. Feb. 10, 2021) (quoting *Parker*, 204 F.3d at 340).

Beyond that, this Court needs to enforce the terms of its own scheduling order, which put the parties on notice about the diligence requirement. (2d Am. Scheduling Order ¶ 9(b), ECF No. 22.) This Court cannot enforce the diligence requirement in some cases but not others. To do so would amount to rewriting the Federal Rules, something this

---

[6] To the extent that Speedway disagrees with the undersigned's reading of these cases as *requiring* a showing of diligence, it is equally clear that lack of diligence is nonetheless an adequate basis for denying a late motion to amend or to add a party. *See Parker*, 204 F.3d at 340 (noting that "a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause").

Court has no authority to do. *Villa*, 2020 WL 3808911, at *4 ("While this may seem a harsh result, Rule 16(b)(4) requires a showing of 'good cause' for an extension of [the operative scheduling order], and I 'have no power to rewrite the rules.'" (quoting *Harris v. Nelson*, 394 U.S. 286, 298 (1969))). Speedway's motion must be denied.

## CONCLUSION

For these reasons, Speedway's motion for leave to file a third-party complaint is **DENIED with PREJUDICE.** The parties are ordered to meet, confer, and propose new scheduling order deadlines for this case by no later than April 10, 2025. At that time, the Court will lift the stay that it previously granted.

**IT IS SO ORDERED.**

Dated:   March 10, 2025
         Rochester, NY          */s/ Mark W. Pedersen*
                                MARK W. PEDERSEN
                                United States Magistrate Judge

16